**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES MATHIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1305-CR-399 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F24-1211-FD-76150

**November 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Defendant James Mathis appeals the trial court's decision to place him with the Department of Correction ("DOC") after he was thrice found to have violated terms of his community corrections placement. Most recently, while on work release, Mathis both violated conditions of an employment pass and failed to return to his residential center. Mathis does not dispute that he committed these violations; rather, he claims they were necessary under the circumstances. Finding no abuse of the trial court's discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

On November 27, 2012, Mathis pled guilty to Class D felony auto theft, receiving stolen parts. Pursuant to a plea agreement with Appellee-Plaintiff the State of Indiana, Mathis was sentenced to 545 days of home detention with the Marion County Community Corrections Program ("Community Corrections"). Seven days after sentencing, Community Corrections filed a notice of violation against Mathis. A hearing was held on December 11, 2012, during which Mathis admitted to three of four alleged violations, and the trial court modified his placement to work release. Forty-three days later, Community Corrections filed notice of a second violation. A hearing was held on February 1, 2013, during which the trial court found Mathis to have violated conditions of his work release. The court admonished Mathis that further violations would result in his placement with the DOC but allowed him to remain on work release.

Twenty-five days later, Community Corrections filed notice of a third violation, which underlies the instant matter. The notice alleged that, on February 26, 2013, Mathis

2

signed out of his residential center on an employment pass but did not report to work. Mathis's whereabouts were unknown, and he failed to return to his residential center that night. A warrant for Mathis's arrest was immediately issued, and he turned himself in to police on March 7, 2013. At a hearing on April 9, 2013, Mathis admitted that he violated conditions of his employment pass but explained that he did so seeking bus money so that he could travel to work. Mathis also admitted that he failed to return to his residential center but explained that he did so to search for his son, who allegedly had gone missing. The trial court found Mathis to have again violated terms of his community corrections placement and ordered Mathis placed with the DOC for the remainder of his 545-day sentence.

## DISCUSSION AND DECISION

Mathis argues that the trial court abused its discretion in placing him with the DOC for the remainder of his sentence. Placement in a community corrections program is a "'matter of grace'" and a decision that is made at the sole discretion of the trial court. *Brantley v. State*, 769 N.E.2d 676, 679 (Ind. Ct. App. 2002) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). If a person violates the terms of his community corrections placement, "the court may ... [r]evoke the placement and commit the person to the department of correction for the remainder of the person's sentence." Ind. Code § 35-38-2.6-5(3). When reviewing a trial court's decision to revoke a community corrections placement, we consider all the evidence most favorable to the judgment and neither reweigh the evidence nor judge the credibility of witnesses. *Cox*, 706 N.E.2d at 551. If there is substantial evidence of probative value to support the trial court's conclusion that

3

a defendant has violated any conditions of his placement, we will affirm its decision to revoke that placement. *Id.*

Mathis does not dispute that he violated conditions of his employment pass and that he failed to return to his residential center. Rather, he reiterates that these violations were necessary under the circumstances. This, however, is an invitation to reweigh the evidence, which we will not do. *See id.* In placing Mathis with the DOC, the trial court considered his admissions, excuses, and previous violations. There was no abuse of discretion.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.